Jenkins, P. J.
This was a suit for damages for personal injuries sustained when the plaintiff stumbled over an iron pipe protruding above the ground on the premises of the defendant railway company at its passenger station in the City of Cedartown, fell to the ground, and rolled upon the track and under the wheels of a moving passenger train. The original petition alleged that the plaintiff went to the passenger station of the defendant on the date of the injury “for the purpose of meeting the train of said railway company due at that hour, and to meet a passenger whom he expected on said train;” that the train, after stopping at the station, moved slowly away, and the plaintiff walked along the side of the train, looking in the windows for the person whom he expected on the train, and who had not alighted from the train, and that, as he walked alongside the tracks, and within three or four feet of the track, lie stumbled over the protruding pipe, and was thrown under the wheels of the train. By amendment it was alleged that “the passenger on said train whom plaintiff expected to meet was Jack Anthony, a resident and citizen of Atlanta, and the said Jack Anthony was expected by your petitioner to board said train in the afternoon of said January 20, 1931, in the City of Atlanta, and come to Cedartown at said time on said train, and your petitioner went to said train expecting and believing that the said Jack Anthony would be on said train and get off of said train at Cedartown, and your petitioner went to said depot and said train for the express purpose of meeting said passenger, and if petitioner had not expected said passenger to be on said train, he would not have gone to said depot at said time.” By a further amendment it was alleged *475 that plaintiff <e expected to meet said passenger and conduct said passenger to an automobile of petitioner’s stationed on Main Street, in the City of Cedartown, and negotiate a business transaction in connection with the sale of and payment for an automobile, both petitioner and said passenger being interested in the sale of said automobile.”
After the allowance of these amendments, the court overruled a general and special demurrer to the petition.
On the trial, there was evidence for the plaintiff establishing, substantially as pleaded, the fact of his injury and the circumstances surrounding the accident. The plaintiff testified in substance that the passenger whom he expected on the train, Jack Anthony, was indebted to him for the purchase price of an automobile; that Anthony had lived in Floyd county at the time of the sale, but after paying several installments on the debt had disappeared; that he had made trips to Atlanta in an effort to locate Anthony, and had finally succeeded in finding where he lived, but found him absent from home; that he was informed by a lady who stated that she knew Anthony that Anthony expected to go from Atlanta to Cedartown by the train which plaintiff met. The plaintiff’s testimony on cross-examination is quoted in part as follows: “1 had no arrangements with Jack Anthony. I did not see him. I had no arrangements with him to meet him. My conjecture of where I was to carry him would have been altogether with him. I was after him about collecting this debt. He told me he was a painter. I had no arrangements with him. I had not seen him in several months. My going to this depot and down on the ground was on information given me by another that Jack Anthony would be on that train. They said he was going to Cedartown tomorrow evening. Did not say what train. I asked her did she know how he was going and she said on the train, did not say what train. I just supposed that this was the train, and when I went there to meet Jack Anthony it was for the purpose of trying to collect this bill that he owed me, which was $33.50. I went there hoping to see him on that train, to meet him there. I had no arrangements to meet him, but I hoped to meet him. I had no previous arrangements with him.” Upon the conclusion of the testimony for the plaintiff, the court granted a nonsuit, to which action the plaintiff excepts.
*476 The ruling on demurrer became the law of the instant case. The brief for the defendant in error recites that exceptions pendente lite were taken to this ruling, but these exceptions are not before the court, since there is no cross-bill of exceptions, and the case must, therefore, be dealt with as if no such exceptions had been filed, and as if the ruling on demurrer was not excepted to. Apparently the court granted a nonsuit upon the theory that under the plaintiff’s own testimony he was a bare licensee on the premises of the defendant railway company; and it seems to be conceded that if the plaintiff was a mere licensee he is not entitled to recover, since there is no proof going to show knowledge on the part of any agent or employee of the railway company of his presence on the premises, or of other circumstances which might bring about a duty on the part of the defendant to exercise ordinary care toward him.
There is no allegation in the petition that the plaintiff had any prior arrangement with the passenger whom he expected to find on the defendant’s train to meet the passenger when he alighted from the train. The only allegation is that the plaintiff expected the passenger to arrive at Cedartown by that train, and expected to meet him at the station and conduct him to the plaintiff’s automobile and there negotiate a business transaction in connection with the sale of and payment for an automobile, “both petitioner and said passenger being interested in the sale of said automobile.” Whether these allegations make the plaintiff a bare licensee on the premises of the defendant company, it is not necessary to consider. The only question before this court is whether the plaintiff proved these allegations in substance as pleaded. We think he did. He testified, without dispute, that he had made several efforts to find Anthony; that he was unable to do so, and finally had received information to the effect that he would go from Atlanta to Cedartown by train on the day of the injury; that he went to meet the train, hoping and expecting to find Anthony on it, and that when he did so he expected to take up with Anthony the matter of the balance due by him on account of the sale of the automobile. Since the petition did not allege that he had an arrangement with Anthony to meet the train, it was not necessary, in order to withstand a motion to grant a nonsuit, for the plaintiff to prove such an arrangement. The evidence dogs establigh the allegation that both the plaintiff *477 and Anthony were interested in the sale of the automobile, since it appears that Anthony owed the plaintiff a balance on the purchase-price of the automobile, and it can not be assumed that he was without interest in paying his own debt. Counsel for defendant in error insist that the testimony shows not only that the plaintiff did not meet the train for the comfort or convenience of a passenger on the train, and thus perhaps in furtherance of the defendant’s contract of carriage with the passenger, but that it shows without dispute that the passenger was seeking to avoid a meeting with the plaintiff. This may be true, but the petition did not allege that Anthony sought the meeting, or that the purpose of the plaintiff in meeting the train was to afford accommodation to the passenger, or for the comfort or convenience of the passenger. ■ The petition alleged merely that the plaintiff expected Anthony to be on the train, and expected to meet him, and expected when he did so to negotiate a business transaction with Anthony. These allegations were substantially proved by the testimony on behalf of the plaintiff, and it was therefore error to grant a nonsuit.

Judgment reversed.

Stephens and Sutton, JJ., concur.